UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALEXSAM, INC.,

                                  Plaintiff,

- against -

MASTERCARD INTERNATIONAL INC.,

                                  Defendants.
------------------------------------------------------x

MEMORANDUM AND ORDER
15-CV-2799

GLASSER, Senior United States District Judge:

       Alexsam, Inc. ("Alexsam" or "Plaintiff") initiated this case on May 15, 2015, alleging a single cause of action for breach of contract against MasterCard International, Inc. ("MasterCard" or "Defendant"). ECF 1. The parties had entered into a license agreement related to two patents owned by Alexsam, and Alexsam alleged that MasterCard failed to pay royalties in breach of the agreement. On July 29, 2016, Alexsam moved to amend the complaint to add causes of action for fraud, negligent misrepresentation and breach of the covenant of good faith and fair dealing. ECF 67.

       On March 6, 2017, Magistrate Judge Gold issued a Report and Recommendation recommending that Plaintiff's motion be denied for futility. ECF 113 ("R&R"). Plaintiff timely objected to the R&R, which motion is now before the Court. ECF 123 ("Objections"). Alexsam contends that the R&R includes five specific mistakes of fact and that its proposed causes of action are not futile and should be allowed to proceed. Id.

## LEGAL STANDARDS

       In reviewing a report and recommendation from a Magistrate Judge, the District Court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000); see

1

also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09–CV–2502, 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010). The District Court reviews de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. § 15(a), when more than twenty-one days have passed since responsive pleadings have been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the court may deny a motion to amend if it determines that the amendment would be futile, and would therefore be subject to "immediate dismissal." Jones v. N.Y. State Div. of Military and Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). The standard for determining legal futility is identical to the standard for dismissing a claim under Fed. R. Civ. P. § 12(b)(6). Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002). Thus, accepting the facts pleaded as true, Alexsam's proposed amended complaint must state a claim that is plausible on its face from which the Court can draw the reasonable inference that the claims have merit. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## ANALYSIS

The uncontested portions of the R&R are not facially erroneous and are adopted by the Court. Regarding the contested portions, the Court has undertaken a de novo review and adopts the R&R in all material respects. The R&R provides a thorough review of the facts and procedural history of this case, familiarity with which is assumed. R&R at pp. 1-7.[1]

---

[1] Alexsam objects to five alleged mistakes of fact in the R&R, none of which bears on the survival of their claims and are taken as true for the purpose of this motion only. Those alleged mistakes of fact are: (1) MasterCard concedes to owing more than $21,858.40 in royalty payments to Alexsam, (2) Alexsam delayed in commencing this action and serving MasterCard because the parties were engaged in settlement negotiations, (3) Alexsam requested to exercise

2

## A. Plaintiff's Proposed Fraud and Misrepresentation Claims Are Futile

The basis of the proposed fraud and misrepresentation claims is a February 12, 2015 letter from Eliot D. Williams, one of MasterCard's attorneys, to Alexsam (the "Williams Ltr.") stating that MasterCard was prepared to pay $21,858.40 in overdue royalties for the period between August and November 2014 and requesting instructions for how to complete that payment. ECF 69-1, Proposed Amended Complaint ("PAC"), at ¶¶ 23, 36-44, 46-54. Plaintiff argues that the Magistrate's holding that those claims are futile is incorrect on three bases.

First, Alexsam contends that, contrary to the Magistrate's finding, there are facts alleged to support a "strong inference of fraudulent intent." Objections at p. 7. In the Proposed Amended Complaint, Alexsam alleges that Williams knew his letter was false and intended for it to "keep Alexsam from taking actions against MasterCard" that Alexsam would have otherwise taken. PAC at ¶¶ 36-41. Plaintiff further argues that as a "continuing course of conduct," MasterCard has failed and refused to pay royalties when they became due and at any point thereafter, even though MasterCard admits it owes overdue royalties and is in regular communication with Alexsam. Objections at pp. 7-8.

Even assuming their truth, these assertions do not plead fraud or misrepresentation. That MasterCard may have incurred royalty obligations in addition to and outside of the date range specified in the Williams Ltr. has no bearing on veracity of the Williams Ltr. Nor does it matter whether Williams and MasterCard actually intended to pay Alexsam the $21,858.40. "[W]here a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in

---

its audit rights on May 20, 2015, which MasterCard denied, (4) Alexsam provided MasterCard with payment instructions in response to the Williams Ltr., and (5) Alexsam's motion is not intended to disqualify MasterCard's law firm from this suit. Objections at pp. 2-7.

the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract." Telecom Int'l. Am., Ltd. v. AT&T Corp., 280 F.3d 175, 196 (2d Cir. 2001) (internal citations omitted); see also Rabin v. Mony Life Ins. Co., 387 Fed. App'x 36, 40 (2d Cir. 2010) ("[T]he alleged false representations are the essential terms of the contract and failure . . . to honor these terms gives rise to an action for breach of contract, not one in tort." (internal citations omitted)). Plaintiff simply alleges that there is a dispute over how much MasterCard owes it in royalties and MasterCard's refusal to pay that amount. This is the basis of the breach of contract action, not a separate claim for fraud or misrepresentation.

Second, Plaintiff objects to the Magistrate's holding that it did not detrimentally rely on the Williams Ltr. Objections at p. 8. The PAC alleges that Alexsam delayed its filing of a lawsuit against MasterCard in reliance on the Williams Ltr. PAC at ¶¶ 40, 51. In finding that Alexsam failed to plead detrimental reliance, the Magistrate noted that Plaintiff commenced this action approximately three months after the Williams Ltr. and then waited another three months to secure a waiver of service from MasterCard. R&R at p. 11. This chronology, the R&R held, undermines Alexsam's claim that it delayed initiating this lawsuit because of the Williams Ltr. This Court agrees. There is nothing to suggest that waiting just three months to file this lawsuit, and then another three months to serve MasterCard, was <u>detrimental</u> to Alexsam. To hold otherwise would open the door for every good faith attempt at settlement negotiations to serve as the basis for a fraud or misrepresentation claim. Moreover, Plaintiff does not allege that it incurred any damage as a result of that delay separate and apart from the breach of contract damages. Rosen v. Spanierman, 894 F.2d 28, 34 (2d Cir. 1990) ("[U]nder New York law, a plaintiff must establish that he relied on the defendant's misrepresentations and that this reliance caused him injury.").

4

Third, Plaintiff contends that the R&R incorrectly held that MasterCard did not owe a duty to Alexsam separate from the license agreement. Objections at pp. 9-10. The Magistrate held that the "provision in the Agreement that affords Alexsam the right to audit and inspect MasterCard's books and records, and to impose the cost of the audit on MasterCard . . . " belied Alexsam's argument that it was disadvantaged because Mastercard held "all of the knowledge and information regarding transactions on its network." R&R at p. 14. Plaintiff maintains that the Magistrate overlooked the fact that on May 20, 2015, its counsel filed a written request to conduct an audit, pursuant to the terms of the license agreement, and that MasterCard denied the request. Objections at pp. 4, 9-10. Therefore, Alexsam did not "either enjoy access to critical information or fail to take advantage of that access." Id. at p. 10, citing Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 181 (2d Cir. 2007).

"The principle that access bars claims of reliance on misrepresentations has been expressly recognized by this Court . . . and New York State courts." Grumman Allied Indus., Inc. v. Rohr Indus., Inc., 748 F.2d 729, 737 (2d Cir. 1984) (citing cases). Alexsam's request to audit on May 20, 2015 post-dated the Williams Ltr., dated February 12, 2015, and the commencement of this lawsuit on May 14, 2015. That MasterCard refused to allow Alexsam to audit its records on May 20, 2015 is inconsequential because Alexsam's audit rights were intact at the time of the alleged fraud or misrepresentation, months earlier. Therefore, Plaintiff could have independently confirmed the veracity of the Williams Ltr. before relying on it, which it failed to do. "Where sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance." Id.; see also Abrahami v. UPC Const. Co.,

5

224 A.D.2d 231, 234 (1st Dep't 1996); Miller v. Doniger, 272 A.D.2d 73, 73-74 (1st Dep't 2000).

Plaintiff also argues that MasterCard owed a separate duty to it by nature of its "unilateral decision to assume responsibility for holding past due royalty payments <u>indefinitely</u> . . . [and] maintain possession of the funds <u>after they were due and MasterCard had and was continuing to refuse remittance</u>." Objections at p. 9 (emphasis in original). As the Magistrate correctly articulated, however, MasterCard's failure to remit royalties when due did not create a separate duty to control those assets indefinitely into the future, rather it constituted a breach of contract for which Alexsam now seeks damages. <u>See</u> R&R at p. 15, <u>citing</u> <u>DynCorp v. GTE Corp.</u>, 215 F.Supp. 2d 308, 324 (S.D.N.Y. 2002).

A <u>de</u> <u>novo</u> review of Plaintiff's objections to the Magistrate's thorough and well-reasoned R&R reveals that both the fraud and misrepresentation claims would be futile if allowed to proceed.

**B. Plaintiff's Proposed Claim for the Breach of the Covenant of Good Faith and Fair Dealing is Futile**

Plaintiff also objects to the Magistrate's holding that its claim for breach of the covenant of good faith and fair dealing is futile. The R&R provides a careful overview of the relevant case law, which Plaintiff does not contest and the Court adopts. R&R at pp. 18-23. Plaintiff argues only that the R&R failed to address "whether a licensee can be found liable for breaching the implied covenant even though he or she is not foreclosed from doing so." Objections at p. 11. In other words, without citing any precedent in support, Plaintiff asks the Court to hold that MasterCard had the right to challenge the patents' validity but can still be held liable to Alexsam for doing so.

This argument is circular, and was expressly addressed by the R&R and rejected. R&R at p. 23. Indeed, well-established Supreme Court precedent bars Alexsam's proposed claim for breach of the covenant of good faith and fair dealing. The equities of the licensor are outweighed by "the important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." Lear, Inc. v. Adkins, 395 U.S. 653, 670 (1969). To that end, licensees like MasterCard are uniquely situated to "challenge the patentability of an inventor's discovery," and "[i]f they are muzzled, the public may continually be required to pay tribute to would-be monopolists without need or justification." Id. To hold, as Plaintiff urges, that licensees may challenge patents but also be simultaneously liable for breach of the covenant of good faith and fair dealing would surely chill the licensee's willingness to challenge those patents at all, to the detriment of the public at large. As a result, the "technical requirements of contract doctrine must give way before the demands of the public interest." Id.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections to the R&R are dismissed. The R&R is adopted in its entirety and Plaintiff's motion to amend the Complaint is denied. Repleading the proposed causes of action would be futile because the problem with those claims is substantive, and "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiffs are thus foreclosed from repleading these causes of action in the future.

SO ORDERED.

Dated:     Brooklyn, New York
           August 17, 2017

                                                    /s/
                                          I. Leo Glasser