UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALEXSAM, INC.,                                      :
                                                    :
                    Plaintiff,                      :     MEMORANDUM
                                                    :     & ORDER
         -against-                                  :     15-CV-2799 (ILG) (SMG)
                                                    :
MASTERCARD INTERNATIONAL INC.,                      :
                                                    :
                    Defendant.                      :
------------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

  Alexsam, Inc. ("Alexsam") brings this action against MasterCard International Inc. ("MasterCard") alleging that MasterCard breached a license agreement entered into by the parties in May 2005. Complaint ("Compl.") ¶ 1, Dkt 1. Alexsam holds two patents: United States Patent No. 6,000,608 ("'608 Patent" or "'608"), entitled "Multifunction Card System," Dkt. 166-2, and United States Patent No. 6,189,787 ("'787 Patent" or "'787"), a continuation of the '608 Patent entitled "Multifunctional Card System" (together referred to herein and in the License Agreement as the "Licensed Patents"), Dkt. 166-3. Alexsam granted MasterCard a non-exclusive, non-transferable license to use the Licensed Patents and to enable others to engage in "Licensed Transactions." License Agreement (the "Agreement") ¶¶ 1.1, 2.1, Dkt. 1-6.

  Critical to the dispute now pending before the Court is the meaning of the term "Licensed Transactions." The Agreement defines "Licensed Transactions" as

> each process of activating or adding value to an account or subaccount which is associated with a transaction that utilizes Mastercard's network or brands wherein data is transmitted between a POI [Point-of-Interaction] Device and Mastercard's financial network or reversing such process, *provided that such process is covered by one of the Licensed Patents*.

Agreement ¶ 1.3 (emphasis added). The Agreement requires Mastercard to report to Alexsam the number of Licensed Transactions it conducts and then to pay Alexsam a per-transaction

royalty fee. *Id.* ¶¶ 4.1–4.2. Plaintiff alleges in this action, however, that from as early as April 2008, MasterCard has repeatedly failed to provide accurate reports and to make payments for Licensed Transactions in breach of the Agreement. Compl. ¶¶ 15, 22–26.

Because the Agreement defines "Licensed Transactions" as those covered by the Licensed Patents, this Court previously determined that it was necessary to construe the meaning of the Licensed Patent claims before determining whether MasterCard breached the License Agreement and, if so, to what extent. To that end, after receiving briefing from the parties, the Court held a claim construction hearing on April 20, 2018. Tr. of April 20, 2018, Dkt. 174. The Court then issued a Report recommending constructions of certain disputed claim terms. Dkt. 186. Plaintiff filed objections to the Report, Dkt. 188, and those objections are now pending before United States District Judge I. Leo Glasser.

On July 19, 2019, plaintiff filed a letter motion seeking to conduct discovery with respect to "contract interpretation and to define the scope of the License Agreement." Pl.'s Letter dated July 19, 2019, Dkt. 215, at 1. I heard argument on plaintiff's motion on August 22, 2019. Tr. of Aug. 22, 2019 ("Tr."), Dkt. 223. It became clear during the oral argument that plaintiff's application for leave to conduct discovery is based on its contention that the language in the Agreement referring to processes "covered by one of the Licensed Patents" is ambiguous. More specifically, plaintiff argued that the parties intended that the quoted language would apply even to transactions that would not infringe the Licensed Patents, and that discovery of emails, meetings, and other communications regarding the negotiation of the Agreement is necessary to understand and prove the meaning of the term "Licensed Transactions." Tr. at 6:5-13, 10:17–11:24.

Alexsam's application was denied in an oral ruling during the August 22, 2019 proceeding. Tr. at 12:20-23. The ruling was based on the Court's conclusion that the term "covered by one of the Licensed Patents" is unambiguous and clearly indicates that the Agreement applies only to transactions that would, but for the Agreement, infringe the Licensed Patents. Tr. at 12. I indicated, though, that I would reconsider my ruling if presented with case law holding, as Alexsam argued, that products or processes that infringe a patent are distinct as a matter of law from those that are covered by that patent. Tr. at 12:23–13:2.

Alexsam now moves for reconsideration of my ruling denying discovery of extrinsic evidence with respect to the meaning of Licensed Transactions. Dkt. 221. Mastercard has submitted opposition, Dkt. 222, Alexsam has filed a reply, Dkt. 224, and Mastercard has filed a sur-reply, Dkt. 225.

Reconsideration is an extraordinary remedy. *See LoCurto v. United States*, 2017 WL 980296, at *1 (E.D.N.Y. Mar. 10, 2017). A motion for reconsideration will generally be denied unless the movant points to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Bentivegna v. People's United Bank*, 2017 WL 4277149, at *2 (E.D.N.Y. Sept. 25, 2017) (quoting *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016)). In other words, a party moving for reconsideration must point out matters "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not "be used as a vehicle to advance new theories or adduce new evidence in response to the court's rulings." *Chin v. U.S. Postal Service*, 2009 WL 3174144, at *1 (E.D.N.Y. Oct. 1, 2009) (internal quotation marks and citation omitted). Nor is it proper to bring a motion for reconsideration for the purpose of "relitigating

old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Consequently, "[t]he standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Medoy v. Warnaco Emps.' Long Term Disability Ins. Plan*, 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006).

Alexsam has failed to meet the high bar required for reconsideration. It does not identify authorities the Court overlooked or present new evidence that was unavailable when it filed its July 19, 2019 letter motion.

Even if reconsideration were warranted, the Court's ruling would remain unaltered. Although Alexsam repeatedly argues that the term "covered by one of the Licensed Patents" is ambiguous, it has failed to identify a single precedent distinguishing between a product or process that infringes a patent claim and one that is covered by it. MasterCard, on the other hand, points to a Federal Circuit decision that clearly uses the terms "covered by" and "infringing" interchangeably, as illustrated in the following excerpt:

> The license agreement between Dray and U.S. Valves gives U.S. Valves "an exclusive right to manufacture, use, sell, advertise, and distribute the Licensed Product." To show that Dray sold valves in contravention of U.S. Valves' exclusive rights to such sales, U.S. Valves must show that Dray sold valves that were *covered by the licensed patents*. Since some of the valves that Dray sold were of the sliding ring variety, *a court must interpret the patents and then determine whether the sliding ring valve infringes these patents*. Thus patent law is a necessary element of U.S. Valves' breach of contract action.

*U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (emphasis added).

Alexsam relies on *Bd. of Regents, Univ. of Texas Sys., ex rel. Univ. of Tex. at Austin v. Nippon Tel. & Tel. Corp. ("Nippon")*, 414 F.3d 1358 (Fed. Cir. 2005) for the proposition that

4

not all breach of contract claims involving patents require an infringement analysis. While that general statement might be accurate, it has no bearing here. *Nippon* did not involve the construction of a license agreement or a determination of its scope. In fact, the court in *Nippon* distinguished *Dray* in terms that reiterate the conclusion that the terms "covered by" and "infringing" a patent are synonymous:

> In *U.S. Valves,* Dray, the patentee, granted to U.S. Valves the exclusive right to manufacture, use, sell, advertise[,] and distribute the patented invention . . . We held that U.S. Valves' breach of contract action raised substantial issues of patent law, because in order for U.S. Valves to succeed on its claim, it must first show that the valves sold by Dray were within the scope of the subject patents. Although the court in *U.S. Valves* found that the breach of contract action at issue required a determination as to whether the defendant's actions infringed the subject patent, the case does not stand for the proposition that all breach of contract actions involving patents require such a determination.

414 F.3d at 1363–64 (internal citation omitted).

Alexsam has failed to identify any basis on which to distinguish between processes that are covered by patent claims and those that infringe them. Absent any such distinction, the definition of a "Licensed Transaction" in the Agreement is clear and unambiguous: a process constitutes a Licensed Transaction only if it is covered by, or would otherwise infringe, one of the Licensed Patents.

A contract that is "complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms." *MHR Capital Partners LP v. Presstek, Inc.*, 12 N.Y. 3d 640, 645 (2009) (internal quotation marks and citation omitted). Accordingly, "[o]nly when a court finds ambiguity in the parties' written agreement may it look to extrinsic evidence to discern the parties' intent." *Luitpold Pharmaceuticals, Inc. v. Ed. Geistlich Sohne A.G.*, 784 F.3d 78, 87 (2d Cir. 2015). The definition of Licensed Transactions in the Agreement is clear and unambiguous, and consequently there is no basis to look to extrinsic evidence to discern the

parties' intent.  Alexsam's motion to conduct discovery with respect to such extrinsic evidence is, therefore, again denied.

_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 26, 2019

U:\Alexsam reconsider 092619.docx