UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALEXSAM, INC.,

Plaintiff,                                                              MEMORANDUM & ORDER

v.                                                                           15- CV-2799 (ILG) (SMG)

MASTERCARD INTERNATIONAL
INCORPORATED,

Defendant.
-----------------------------------------------------------x

GLASSER, Senior United States District Judge:

On September 26, 2019, Magistrate Judge Stephen M. Gold issued an order[1] limiting

discovery, based on the unambiguous terms of the parties' contract.[2] (ECF No. 226). Plaintiff now

moves this Court to vacate that order and review the contract *de novo*, on the grounds that Judge

Gold should have made his ruling in a report and recommendation. (ECF No. 228, 1–2). For the

reasons stated below, Plaintiff's motion is DENIED.

A magistrate judge's ruling on a nondispositive matter, including a discovery dispute, may

only be set aside by the district judge if it is "clearly erroneous or contrary to law."[3]

28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,*

---

[1] Judge Gold's order was actually a denial of Plaintiff's motion for reconsideration of an oral order made on August 22, 2019. (ECF No. 223 at 12:20–23). For simplicity's sake, the Court will refer to the two orders collectively.

[2] Specifically, Judge Gold concluded that the term "covered by one of the Licensed Patents" unambiguously indicated that the parties' contract applied only to transactions that would, but for the contract, infringe the licensed patents. (ECF No. 226 at 3).

[3] While the meaning of an unambiguous contract is a question of law for the court to decide, courts across the Second Circuit "have routinely applied a clear error standard of review to a magistrate judge's nondispositive pretrial order even when the appellate standard of review for the underlying questions of law would be *de novo*." *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014).

900 F.2d 522, 525 (2d Cir.1990). In contrast, a ruling on a dispositive matter must be made in a report and recommendation to the district judge, which is subject to *de novo* review. 28 U.S.C. § 636; *see also* Fed. R. Civ. P. 72(b).

Plaintiff argues that the interpretation of the parties' contract is inherently dispositive of this case, and so Judge Gold should have issued a report and recommendation rather than an order. (ECF No. 228 at 1–2). On the contrary, courts in this Circuit have routinely held that a magistrate judge's order limiting discovery based on the unambiguous terms of a contract is not dispositive. *See, e.g., Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 511 (S.D.N.Y. 2013); *Progress Bulk Carriers*, 2 F. Supp. 3d at 502. Judge Gold was therefore acting within the scope of his authority when he issued the order. *De novo* review of the contract's terms would therefore not be appropriate.

In the alternative, Plaintiff argues that the order should be overturned as clearly erroneous and contrary to law. (ECF No. 228 at 2). *See* 28 U.S.C. § 636. In particular, Plaintiff alleges that in interpreting the contract, Judge Gold "substitute[d] his own beliefs in place of the evidence proffered by [Plaintiff]." (*Id.*). This criticism is unfounded. Judge Gold's decision was based on a plain and unambiguous reading of the contract, and supported by a convincing analysis of the applicable Federal Circuit case law analyzing similar language. (ECF No. 226 at 3–4, 5–6). He considered Plaintiff's competing interpretation, and found no support for it. (*Id.* at 5).

Finally, Plaintiff argues that it was "fundamentally unfair" for Judge Gold to characterize its miscellaneous filing as a motion for reconsideration, and then rule that Plaintiff had failed to properly support that motion with extrinsic evidence that the contract was ambiguous. (ECF No. 228 at 11). This characterization of events is not accurate. The order denying reconsideration was not based, even in part, on a lack of evidence. Judge Gold was quite clear that he found the contract

to be unambiguous, and that he would only entertain Plaintiff's argument for reconsideration if presented with a statute or case law supporting Plaintiff's interpretation. (ECF No. 223 at 8:9–15, 12:20–13:2).

Plaintiff's motion is therefore DENIED in its entirety.

SO ORDERED.

Dated:  Brooklyn, New York
        June 17, 2020

/s/
I. Leo Glasser                         U.S.D.J.