UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEXSAM, INC.,

                      Plaintiff,                      ORDER

               v.                               15-CV-2799 (ILG) (SMG)

MASTERCARD INTERNATIONAL
INCORPORATED,

                      Defendant.
------------------------------------------------------------x

GLASSER, Senior United States District Judge:

       In a June 17, 2020 Memorandum & Order, this Court granted partial summary judgment in favor of Defendant, on the ground that Plaintiff was judicially estopped from seeking royalties under the parties' license agreement. *AlexSam, Inc. v. Mastercard Int'l. Inc.*, 15-CV-2799 (ILG) (SMG), 2020 WL 3286785, at *8 (E.D.N.Y. June 17, 2020). The parties now report that they are unable to agree on how this case should proceed in light of that ruling. (ECF Nos. 241, 242). Having read their conflicting proposals, the Court orders the following:

       Plaintiff shall promptly file its contemplated motion for reconsideration.[1] (*See* ECF No. 241 at 2). Such motion should be based solely on the issue of whether the Court's finding of judicial estoppel is limited by any rule regarding retroactivity,[2] as articulated in "controlling

---

[1] As a technical matter, Plaintiff requests leave to file a "motion for clarification." (ECF No. 241 at 2). But given what Plaintiff intends to argue—that this Court's finding of judicial estoppel is not retroactive—a motion for clarification would not be appropriate. The June 17, 2020 Memorandum & Order was unambiguous that Plaintiff is judicially estopped from seeking any royalties under the license agreement. *See AlexSam*, 2020 WL 3286785 at *8. If Plaintiff believes that this finding is in error, then a motion for reconsideration is the appropriate vehicle.

[2] Plaintiff also seeks clarification on what it believes to be "inconsistencies" between footnote 18 this Court's Memorandum & Order and Magistrate Judge Gold's belief that, in light of that order, no claims remain in this case. (ECF No. 241 at 2). Defendant responds that this "footnote simply

1

decisions which [Plaintiff] believes the Court has overlooked." Local Rule 6.3. The motion should also address the reason why, in the interest of fairness and justice, the 14-day limitation period should be waived. *See Id.* ("*Unless otherwise provided by the Court* or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]") (emphasis added). Defendant shall have the opportunity to respond, and the parties shall advise the Court of the briefing schedule they have agreed upon.

Concurrently with its motion for reconsideration, Plaintiff shall file its contemplated motion to amend and/or supplement its complaint. (ECF No. 241 at 2 (seeking to add claims for indemnification, *quantum meruit* and unjust enrichment)). In responding to such motion, Defendant is not precluded from reiterating arguments made in its letter to this Court dated July 29, 2020. (*See* ECF No. 242 at 2–3). In particular, the parties' briefing should address whether a motion to amend or supplement the complaint would be appropriate at this late juncture. *See Arrowood Indem. Co. v. King*, 699 F.3d 735, 742 (2d Cir. 2012) ("Appellants did not act until after the summary judgment motions had been decided adversely to them. Then, with the legal mine field mapped in the district court's decision, Appellants sought leave to steer a new course hoping to snatch away the victors' success. Denial of additional time to amend in those circumstances was hardly an abuse of the discretion accorded the district court[.]"); *see also Zsa Zsa Jewels, Inc. v. BMW of N.A., LLC*, 15-CV-6519 (ILG), 2020 WL 3403116, at *2 (E.D.N.Y. June 18, 2020)

---

noted that the Court was only addressing Mastercard's judicial estoppel arguments related to royalty payments, not that Alexsam has an additional valid count pending." (ECF No. 242 at 2). Defendant's interpretation is entirely correct. Accordingly, no clarification is necessary. Any lingering questions AlexSam has regarding what "other breaches by Mastercard are covered by or included in the Complaint" (*See* ECF No. 241 at 2) will be addressed in resolving Mastercard's contemplated motion to dismiss, discussed *infra*.

("Plaintiff offers no compelling justification for why it had to wait until now to pursue this new [theory of relief].").[3] *But see Tissue Tech. LLC v. Tak Investments LLC*, 320 F. Supp. 3d 993, 998 (E.D. Wis. 2018), *aff'd,* 907 F.3d 1001 (7th Cir. 2018) (permitting late amendment to add an indemnification claim, because "the indemnification provision of the [contract] speaks directly to the only claims remaining in the case").[4]

Defendant may file its contemplated motion to dismiss (*see* ECF No. 242 at 1), but only after this Court decides the motion for reconsideration and motion to amend and/or supplement the complaint. Before considering dismissal of this case, it would be prudent to first determine what actually remains left of it.

The parties are expected to promptly agree on a briefing schedule after any notice of motion is filed.

SO ORDERED.

Dated: Brooklyn, New York
August 18, 2020

/s/
I. Leo Glasser          U.S.D.J.

---

[3] Plaintiff also argues that the complaint in its present form sufficiently claims breaches of material provisions other than royalty and reporting obligations. (ECF No. 241 at 2). The appropriate place to argue this point would be in a memorandum of law opposing Defendant's contemplated motion to dismiss, discussed *infra*.

[4] While not necessarily dispositive of the issue, the Court sees a distinction between adding claims which further articulate or elaborate upon the existing breach of contract claim, such as a claim for contractual indemnification, and adding claims which do not logically flow from the existing breach of contract claim, such as claims for *quantum meruit* and unjust enrichment. For instance, in *Tissue Technology v. Tak Investments*, the court conceded that it was "well past the time when a party may amend as a matter of course." 320 F. Supp. at 998. But in granting the motion to amend the complaint to add a claim for indemnification, the court reasoned that "the [underlying contract which contained the indemnification clause] . . . has been central to this case since its inception." *Id.* Of course, the Court is mindful that it is not bound by the reasoning in that case, and welcomes arguments to the contrary.