UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ALEXSAM, INC.,

                   Plaintiff,                    MEMORANDUM & ORDER

        v.                                 15-CV-2799 (ILG) (SMG)

MASTERCARD INTERNATIONAL
INCORPORATED,

                   Defendant.
--------------------------------------------------------x

GLASSER, Senior United States District Judge:

Plaintiff moves for reconsideration of this Court's Memorandum & Order dated June 17, 2020. (ECF No. 244). For the reasons that follow, the motion is DENIED in its entirety.

## BACKGROUND

This is an action for breach of a patent license agreement, brought by patent holder Alexsam, Inc. ("Alexsam") against licensee Mastercard International Inc. ("Mastercard"). (*See* ECF No. 1). In a June 17, 2020 Memorandum and Order, this Court granted partial summary judgment in favor of Mastercard on the ground that Alexsam was "judicially estopped from demanding royalties under the license agreement." *Alexsam, Inc. v. Mastercard Int'l. Inc.*, 15-CV-2799 (ILG) (SMG), 2020 WL 3286785, at *9 (E.D.N.Y. June 17, 2020).

Central to the Court's finding was the fact that Alexsam adopted inconsistent positions in two forums. In this Court, Alexsam argued that Mastercard's refusal to pay patent royalties constituted a breach of the parties' license agreement. (Compl. ¶¶ 21–27). But in a parallel proceeding before the Patent Trial and Appeals Board ("PTAB"), Alexsam successfully argued that Mastercard did not have standing to seek a declaration of patent invalidity. (*See* ECF No. 193-4). The Court found this problematic, because "the refusal to pay royalties under a patent

1

license agreement automatically provides the licensee with standing to pursue a declaration of invalidity." *See Alexsam, Inc. v. MasterCard Int'l Inc.*, No. 15CV2799 (ILG) (SMG), 2020 WL 3286785, at *5 (E.D.N.Y. June 17, 2020) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)). Accordingly, it concluded that Alexsam would gain an unfair advantage in this forum if it were not estopped from bringing a claim for royalties. *Alexsam*, 2020 WL 3286785, at *7 n.17.

One month after that decision was rendered, Alexsam argued that the finding of judicial estoppel was too broad:

> We believe that we are still entitled to pursue the royalties that have accrued prior to the expiration of the patents. We don't believe that [the Court's] order is retroactive and we don't believe, on a theory of judicial estoppel, that it can be. We're certainly willing to flesh that out in briefing if the Court so desires.

(ECF No. 240 at 5). In an Order dated August 18, 2020, the Court permitted Alexsam to file a motion for reconsideration on that narrow ground:

> Plaintiff shall promptly file its contemplated motion for reconsideration. (*See* ECF No. 241 at 2). Such motion should be *based solely on the issue of whether the Court's finding of judicial estoppel is limited by any rule regarding retroactivity*. The motion should also address the reason why, in the interest of fairness and justice, the 14-day limitation period [to file a motion for reconsideration] should be waived.

(ECF No. 243 at 1–2) (emphasis added).

Alexsam filed its motion for reconsideration on September 1, 2020. (ECF No. 244). Mastercard opposed, on the grounds that: (1) the motion is untimely; (2) judicial estoppel is not limited by any rule concerning retroactivity; and (3) the motion seeks reconsideration of issues beyond the one authorized by this Court. (Def's Opp'n 1–2). For the reasons stated below, the Court agrees with Mastercard entirely, and so the motion for reconsideration is denied.

2

**LEGAL STANDARD**

"Unless otherwise provided by the Court," a motion for reconsideration of a court order "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Local Civ. R. 6.3. The party making such motion shall also include a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." *Id.* Reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple." *Yany's Garden LLC v. City of New York*, No. 18-CV-2813 (EK) (RML), 2020 WL 5231983, at *3 (E.D.N.Y. Sept. 2, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)).

**DISCUSSION**

**I.      The Court's Finding of Judicial Estoppel is Properly Retroactive**

The high burden for reconsideration may be satisfied by "the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Alexsam believes the Court committed clear error by retroactively estopping royalty claims which accrued prior to the expiration of the patents. However, this argument is entirely without merit.

Judicial estoppel is not constrained by any doctrine of retroactivity. Indeed, Alexsam cites no case law in support of this theory.[1] Instead, it pivots to an entirely new issue: whether a finding

---

[1] This is not the first time in this case where Alexsam has pressed an argument lacking support in the law. *See Alexsam, Inc. v. MasterCard Int'l Inc.*, No. 15CV2799 (ILG) (SMG), 2019 WL 4696277, at *2 (E.D.N.Y. Sept. 26, 2019) (Denying reconsideration because, "[a]lthough Alexsam repeatedly argues that the term 'covered by one of the Licensed Patents' is ambiguous, it has failed to identify a single precedent distinguishing between a product or process that infringes a patent claim and one that is covered by it.").

3

of judicial estoppel was proper in the first place, given that the PTAB proceeding was brought after this case began.[2] (Pl's Mem. 5). Setting aside whether the Court should entertain this unauthorized argument, it fails on the merits.[3] *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (noting that judicial estoppel "is an equitable doctrine invoked by a court at its discretion," and declining to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel").

Alexsam also argues that the Court's determination of judicial estoppel has produced a manifest injustice. *See Reyes v. Phoenix Beverages, Inc.*, No. 13CV5588PKCVMS, 2016 WL 6068130, at *1 (E.D.N.Y. Oct. 13, 2016) (citing "manifest injustice" as a ground for reconsideration). It calls the current result "untenable, particularly given that it rewards Mastercard with *more* than it could have obtained through its pleaded defenses." (Pl's Mem. 7). This is because, according to Alexsam, "the only way [Mastercard] could have reduced its liability for royalties was to demonstrate that the applicable claims for the Licensed Patents are invalid," and "the law is clear that such an event would not eliminate royalties prior to [Mastercard's]

---

[2] This argument is "nothing more than rhetorical sleight of hand." *United States v. O'Connor*, 656 F.3d 630, 644 (7th Cir. 2011). Rather than address the issue authorized by this Court, Alexsam's brief recharacterizes what is meant by "retroactive." In its initial letter requesting reconsideration, it asked whether the Court's judicial estoppel order applies retroactively to royalties that accrued prior to that order. Now, Alexsam insists "retroactivity" refers to whether an earlier judgment, such as the PTAB decision, can have preclusive effect on a pending, but earlier-filed case.

[3] In particular, Alexsam argues that it "can find no case that is binding authority that supports the application of judicial estoppel to the first-filed case based on a position taken in a second case." (Pl's Mem. 5). But it does not cite to, and this Court cannot find, a case which declined to apply judicial estoppel to a first-filed action based on a position taken in a second-filed action. Rather, Alexsam cites to nearly a dozen cases in which the court applied judicial estoppel to an inconsistent argument advanced in a later-filed proceeding. (*Id.* at 5–6). These cases merely show that that the situation before this Court—in which the later-filed case was decided before the earlier-filed case—is a rare one.

Answer . . . in which it first asserted that claims of the Licensed Patents are invalid." (*Id.*). This is a misstatement of law, which was summarized more accurately by the Federal Circuit in 2006:

> In *Lear [v. Adkins]*, the Supreme Court held that a licensee was not estopped from challenging the validity of the licensor's patent. For various policy reasons, a licensee may cease payments due under a license—i.e., contractual royalty provisions will not be enforced—during the time it is challenging patent validity in the courts. Our court has since clarified that the Lear doctrine does not prevent a patentee from recovering royalties until the date the licensee first challenges the validity of the patent. In other words, a licensee "cannot invoke the protection of the *Lear* doctrine until it (i) actually ceases payment of royalties, and (ii) provides notice to the licensor that the reason for ceasing payment of royalties is because it has deemed the relevant claims to be invalid."

*Go Med. Indus. Pty., Ltd. v. Inmed Corp.*, 471 F.3d 1264, 1272–73 (Fed. Cir. 2006) (citations omitted) (quoting *Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co.*, 112 F.3d 1561, 1568 (Fed. Cir. 1997)); *see also MedImmune*, 549 U.S. at 124–125 (rejecting "the argument that a repudiating licensee must comply with its contract and pay royalties until its claim is vindicated in court"). Accordingly, the Court's finding of judicial estoppel has not overrewarded Mastercard. Alexsam is not entitled to pursue royalties that accrued prior to Mastercard filing its Answer. Rather, it is estopped from pursuing all royalties owed from the date that Mastercard actually ceased payment of royalties and provided the appropriate notice thereof.

Accordingly, Alexsam has therefore failed to comply with Local Rule 6.3, by not "setting forth any matter or controlling decision which the Court has overlooked," and it necessarily follows made no showing of manifest injustice.

**II.     Alexsam's Motion Includes Arguments Not Authorized by this Court**

In its August 18, 2020 Order, the Court set forth the narrow grounds on which Alexsam could seek reconsideration:

> Plaintiff shall promptly file its contemplated motion for reconsideration. (*See* ECF No. 241 at 2). Such motion should be based solely on the issue of whether the Court's finding of judicial estoppel is limited by any rule regarding retroactivity.

5

The motion should also address the reason why, in the interest of fairness and justice, the 14-day limitation period [to file a motion for reconsideration] should be waived.

(ECF No. 243 at 1–2). Alexsam disregards this clear directive, in two respects. First, while it acknowledges the narrow scope of the Court's order, it nonetheless proceeds to relitigate virtually every issue the Court addressed in its finding of judicial estoppel.[4] (Pl's. Mem. 8–12). Second, it offers no reason why the Court should waive the 14-day limitation period to file its motion for reconsideration.[5] The motion is, accordingly, denied on both these grounds.

Rule 11(c)(3) of the Federal Rules of Civil Procedure is designed to discourage legally unmoored litigation and authorizes sanctions for its violation. Accordingly, Alexsam's counsel is directed to show cause on October 20, 2020 at 11:15 am[6] why appropriate sanctions should not be imposed. The Court will seize that occasion for a conference regarding the status of this case and all counsel are to appear.

---

[4] Alexsam insists that it has not violated the Court's directive, because "intertwined with AlexSam's position that judicial estoppel may not be applied retroactively is the question of whether judicial estoppel was even proper in the first place." (Pl's Mem. 8). This is a thinly veiled attempt to broaden the scope of its motion beyond what the Court authorized. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995) ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

[5] Alexsam argues that "[c]oncerns about waiver of the 14-day rule . . . are moot given that this Court permits waiver under certain circumstances." (*See* Pl's Mem. 4). The Court is well aware that it may waive the 14-day deadline in its discretion. That is precisely why it requested Alexsam make its case for "why, in the interest of fairness and justice, the 14-day limitation period should be waived." (ECF No. 243 at 2). Alexsam's response, i.e. that the Court should waive the deadline because it can, fails to substantively engage with that request.

[6] The hearing will be conducted via teleconference. Participants will join the conference using telephone number 888-684-8852 and access code 8729689.

**CONCLUSION**

The motion for reconsideration is DENIED in its entirety. Counsel for Alexsam is ordered to show cause why they should not be sanctioned for violating the express terms of this Court's Memorandum and Order dated August 18, 2020. *See* Fed. R. Civ. P. 11(c)(3).

SO ORDERED.

Dated: Brooklyn, New York
       October 5, 2020                    /s/_____
                                          I. Leo Glasser              U.S.D.J.