```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALEXSAM, INC.,

                        Plaintiff,              MEMORANDUM AND ORDER
                                                 15-CV-2799
        - against -


MASTERCARD INTERNATIONAL INC.,

                        Defendant.
-----------------------------------------------------------x
```

**GLASSER**, Senior United States District Judge:

Plaintiff Alexsam, Inc. ("Alexsam") brought this claim against defendant MasterCard International Inc. ("MasterCard") in 2015 for breach of the royalties provision in a patent license agreement ("Agreement"). Compl. 5–7. In 2020, the Court found Alexsam's claim subject to judicial estoppel and ordered summary judgment in MasterCard's favor. *Alexsam, Inc. v. MasterCard Int'l Inc.*, No. 15-CV-2799, 2020 WL 3286785 (E.D.N.Y. June 17, 2020). In March 2022, the U.S. Court of Appeals for the Federal Circuit reversed that order and remanded the action. *Alexsam, Inc. v. MasterCard Int'l Inc.*, No. 2021-1785, 2022 WL 621374 (Fed. Cir. Mar. 3, 2022). MasterCard now moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, for judgment on the pleadings under Fed. R. Civ. P. 12(c), and for summary judgment under Fed. R. Civ. P. 56. Def.'s Mot. Dismiss or Summ. J., ECF No. 273. For the reasons stated below, MasterCard's motion for summary judgment is **GRANTED** and its motions to dismiss and for judgment on the pleadings are **DENIED AS MOOT**.

## **BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case, which have been set out previously, but recounts certain facts pertinent to resolving MasterCard's present motions.

The parties executed the Agreement in 2005. Compl. Ex. A (Agreement), ECF No. 1-1. Section 2.1 of the Agreement grants MasterCard a license to process certain transactions using methods patented by Alexsam. *Id.* § 2.1. Section 2.2 of the Agreement is a covenant not to sue ("Covenant"):

> Alexsam hereby agrees and covenants to not *at any time* initiate, assert, or bring *any claim* (in any court, administrative agency, or other tribunal, anywhere in the world) against MasterCard, for *any* claim or alleged liabilities of any kind and nature, at law, in equity, or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, *relating to Licensed Transactions* arising or occurring before or during the term of this Agreement.

*Id.* § 2.2 (emphasis added). "Licensed Transactions" are defined as certain "process[es] . . . covered by one of the Licensed Patents" listed in the Agreement. *Id.* § 1.3. In return for its license to process Licensed Transactions, MasterCard agreed to pay Alexsam royalties. *Id.* § 4.1.

Alexsam's Complaint alleges that MasterCard has failed to pay royalties due under the Agreement. Compl. 5. MasterCard has resisted this claim on various grounds. In 2017, MasterCard petitioned the Patent and Trial Appeal Board ("PTAB") for covered business method review of the Alexsam patents, arguing that they were invalid. *See Mastercard Int'l Inc. v. Alexsam, Inc.*, No. CBM2017-00041, 2017 WL 4221401 (P.T.A.B. Sept. 21, 2017); *Mastercard Int'l Inc. v. Alexsam, Inc.*, No. CBM2017-00042, 2017 WL 4221130 (P.T.A.B. Sept. 21, 2017). The PTAB held that the Covenant deprived MasterCard of standing to petition for such review because the Covenant barred Alexsam from charging MasterCard with patent infringement. 2017 WL 4221401, at *6. The PTAB did not address "whether [Alexsam's] breach of contract claim . . . itself violates the covenant not to sue." *Id.* at *5 n.3.

In 2018, MasterCard argued in its first motion for summary judgment that judicial estoppel barred Alexsam's claim because Alexsam had argued to the PTAB that the Covenant precluded claims for declaratory judgment, and Alexsam would need a declaratory judgment to recover

2

unpaid royalties.  *See* Def.'s Mem. Supp. First Mot. Summ. J. 6–8, ECF No. 193-1.  The Court agreed and granted MasterCard's first motion for summary judgment, but noted that its order "sa[id] nothing about the agreement's actual content or its enforceability."  2020 WL 3286785, at *7.  The Federal Circuit, in reversing that order, likewise noted that it did not address the actual scope of the Covenant, and that this Court "can do so on remand."  2022 WL 621374, at *5 n.3.

In its pending motions, MasterCard now argues that the Covenant actually "prohibits Alexsam's claim for royalties," which precludes Alexsam from obtaining the relief that it seeks and, therefore, requires dismissal, judgment on the pleadings, or summary judgment.  Def.'s Mem. Supp. Mot. Dismiss or Summ. J. ("Def.'s Mem.") 17, 19–20, ECF No. 273-1.  Alexsam counters that (i) the Covenant does not preclude its claim, (ii) MasterCard waived its right to argue to the contrary by not mentioning the Covenant in its Answer, and (iii) the doctrines of laches and election of remedies bar MasterCard's Covenant-based defenses.  *See* Pl.'s Mem. Opp'n Def.'s Mot. Dismiss or Summ. J. ("Opp'n") 11–19, ECF No. 281.

## DISCUSSION

### I. MasterCard's Motion for Summary Judgment

MasterCard moves for summary judgment on the basis that "Alexsam has failed to, and indeed cannot as a matter of law, make a showing sufficient to establish the existence of an element essential to [its] case – entitlement to relief . . . ."  Def.'s Mem. 20.

#### A. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court must "consider the record in the light most favorable to the non-movant and . . . resolve all ambiguities and draw all factual inferences in favor of the non-movant . . . ."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021).  "In the context

3

of a contract dispute, a motion for summary judgment is generally granted only where the agreement's language is unambiguous and conveys a definite meaning." *CP III Rincon Towers, Inc. v. Cohen*, 666 F. App'x 46, 51 (2d Cir. 2016) (citing *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993)).

### B.   The Covenant Not to Sue

MasterCard's motion for summary judgment hinges on whether the Covenant bars Alexsam's claim for breach of the Agreement's royalties provision. *See* Def.'s Mem. 19–20. If so, then Alexsam's claim fails as a matter of law. The Court turns first to that pivotal question.

The Agreement, and thus the Covenant, is governed by New York law. Agreement § 16. In New York, an "agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002) (citations omitted). A contract is unambiguous if it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion." *Id.* at 569 (quoting *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978)). Avoiding ambiguity is particularly important in covenants not to sue. *See LG Elecs. Inc. v. Saint Lawrence Commc'ns, LLC*, No. 18-CV-11082, 2019 WL 1595861, at *2 (S.D.N.Y. Apr. 15, 2019) ("New York requires that a covenant not to sue must be strictly construed against the party asserting it . . . [and] its wording must be clear and unequivocal.") (quoting *Schneider v. Revici*, 817 F.2d 987, 993 (2d Cir. 1987)). "Where contract language is ambiguous, the differing interpretations of the contract present a triable issue of fact." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 515 (2d Cir. 2001) (quoting *Bank of Am. Nat'l Tr. and Sav. Ass'n v. Gillaizeau*, 766 F.2d 709, 715 (2d Cir. 1985)). A contract "will be read as a whole . . . to give effect to its general purpose." *Westmoreland Coal Co. v. Entech, Inc.*, 100 N.Y.2d 352, 358 (2003) (quoting *Empire Props. Corp. v. Mfrs. Tr. Co.*, 288 N.Y. 242, 248 (1942)).

Here, the Covenant says that Alexsam may "not at any time . . . bring any claim . . . against MasterCard[] for any claim or alleged liabilities of any kind and nature . . . known and unknown . . . relating to Licensed Transactions . . . ."  Agreement § 2.2.  These words unambiguously bar Alexsam's claim for unpaid royalties because that claim necessarily relates to Licensed Transactions.  Under the Agreement, royalties accrue based on the number of Licensed Transactions that MasterCard processes.  *See* Agreement § 4.1 ("MasterCard shall pay Alexsam a fee per Licensed Transaction as determined by the . . . fee schedule set forth on Exhibit A [to the Agreement].").  A claim for royalties would depend on establishing that Licensed Transactions occurred, and a dispute over the bounds of Licensed Transactions would determine royalties owed.  This symbiotic relationship is obvious.  Indeed, Alexsam remarked on this direct relationship in its June 2007 letter to MasterCard.  *See* Compl. Ex. E, at E-1, ECF No. 1-8; *AlexSam*, 2022 WL 621374, at *1 ("[The June 2007 letter] complain[ed] that [MasterCard's] monthly reports did not account for all of the applicable licensed transactions and, as a result, MasterCard had not paid all the royalties it owed under the license.").  Thus, to read the phrase "claims . . . relating to Licensed Transactions" not to include claims for royalties is to conjure a caveat from that phrase which the parties could have written into their contract, but patently did not.

Alexsam expresses dismayed disbelief that the Covenant, read to mean what is says, could "produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties." Opp'n 12–13 (quoting *InterDigital Commc'ns Corp. v. Nokia Corp.*, 407 F. Supp. 2d 522, 530 (S.D.N.Y. 2005)).  These "expectations" may have been in the mind of Alexsam, but they were not recorded in the Covenant's text.  Alexsam's contention that the Covenant expresses such expectations, and that it precludes suit only for patent infringement, is incomprehensible.  Neither the word "patent" nor "infringement" appears in the Covenant.  The

5

assertion that they do asks the Court to read the Covenant through Alice's looking-glass. Neither the language of the Covenant nor the definition of "Licensed Transactions" calls for the phrase "claims . . . relating to Licensed Transactions" to be read as "claims only of patent infringement."

As to words that do appear in the Covenant, the terms "not at any time," "claim . . . of any kind," and "known or unknown" defy misunderstanding and ambiguity. Agreement § 2.2. The words "relating to" are surely understood without making "a fortress out of the dictionary." *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir. 1945) (L. Hand, J.). The term "Licensed Transactions" is plainly defined in Section 1.3 of the Agreement. The need to devote pages of citations to cases that advance interpretations of these simple words of the English language, which require neither translation nor interpretation, recalls one court's critique of its own written order as an "ostentatious parade of academic learning." *United States v. Worcester*, 190 F. Supp. 548, 568 (D. Mass. 1961) (Wyzanski, J.). The legal literature devoted to the construction of statutes, regulations, contracts, and other legal writings is vast and reserved for those occasions when it is needed. It serves no function here.

Having found that the Covenant, on its face, bars Alexsam's claim for allegedly unpaid royalties, the Court concludes that Alexsam's claim fails as a matter of law. Accordingly, the Court will grant MasterCard's motion for summary judgment.

### C. Alexsam's Objections Are Unavailing

Alexsam first objects that MasterCard waived any defense that asserts the Covenant bars claims for royalties because Fed. R. Civ. P. 8(c)(1) required MasterCard to state "any avoidance or affirmative defense" in its Answer. *See* Opp'n 11. However, MasterCard's Answer asserted the defense on which its summary-judgment motion relies: that Alexsam failed to state a claim on which relief may be granted. *See* Answer 7; Def.'s Mem. 20. Therefore, this first objection fails.

6

Next, Alexsam objects that MasterCard's "claim" against Alexsam for breaching the Covenant is barred by the doctrines of laches and election of remedies. Opp'n 12, 18–19. However, MasterCard has not brought a claim for breach. *See* Answer 9–27 (listing MasterCard's counterclaims). Thus, these objections also fail.

## II.   MasterCard's Motions to Dismiss and for Judgment on the Pleadings

Having granted summary judgment in MasterCard's favor, the Court will deny as moot its motions to dismiss for lack of subject matter jurisdiction and for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, MasterCard's motion for summary judgment is **GRANTED** and its motions to dismiss for lack of subject matter jurisdiction and for judgment on the pleadings are **DENIED AS MOOT**.

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2022

/s/
I. Leo Glasser
Senior United States District Judge